# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Albert Simuel, | ) | **CASE NO. 1:26 CV 872** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | |
| Attorney Don Williams, | ) | |
| | ) | **Memorandum of Opinion** |
| | ) | **and Order** |
| **Defendant.** | ) | |

*Pro se* plaintiff Albert Simuel filed this civil rights action under 42 U.S.C. § 1983

against his attorney, Don Williams. (Doc. No. 1).  Plaintiff also filed an application to proceed

*in forma pauperis* (Doc. No. 2). The Court grants the application, but for the following reasons,

the Court dismisses this action pursuant to 28 U.S.C. §1915(e).

## I. BACKGROUND

On February 12, 2025, Plaintiff filed a prior action against Attorney Don Williams, City

View, Cleveland Clinic, Select Specialty, Canal Point, and Algart. *See Simuel v. Williams*,

1:25-cv-00277, 2025 WL 1141822, 2025 U.S. Dist. LEXIS 73057 (N.D. Ohio Apr. 17, 2025).

In that action, Plaintiff alleged attorney malpractice against Attorney Williams stemming from

Williams's representation of Plaintiff in the filing of a nursing home negligence and wrongful

death lawsuit concerning Plaintiff's mother's treatment at a nursing facility and her ultimate

death. Plaintiff also appears to have alleged nursing home negligence and wrongful death against

the remaining defendants. *Id.*  The court determined it had no jurisdiction over Plaintiff's claims

and dismissed the action pursuant to 28 U.S.C. §1915(e). *Id.* at 4-5.

On April 14, 2026, Plaintiff filed this action against Attorney Williams, once again alleging attorney malpractice stemming from Williams's representation concerning the alleged nursing home mistreatment of Plaintiff's mother prior to her death. (Doc. No. 1). Plaintiff claims Attorney Williams did not explain the fiduciary duties to Plaintiff or that the bond is not a letter of authority; Attorney Williams did not contact Plaintiff regarding the "letter of authority"; Attorney Williams was "unethical" and committed "lies and slander"; and Attorney Williams violated Plaintiff's civil rights by letting the statute of limitations expire. (*Id.* at 4-7). For relief, Plaintiff requests that he be granted another opportunity to obtain a letter of authority, a refund of attorney fees paid to Attorney Williams, receipt of his mother's medical records, and a "new statute of limitations" to file a nursing home neglect and wrongful death lawsuit. (*Id.* at 8).

## II. STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  The court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*,

-2-

550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Federal Rule of Civil Procedure 8(a)(2)). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998). The court, however, is not required to conjure unpleaded facts or construct claims against defendants on behalf of a *pro se* plaintiff. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008) (citation omitted); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985).

### III. DISCUSSION

Upon review, the Court finds that Plaintiff's complaint must be dismissed. Plaintiff's present action is duplicative of his prior action and is, therefore, barred by *res judicata*.

The doctrine of *res judicata* dictates that a final judgment on the merits of a claim precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). The doctrine bars relitigation of every issue actually brought

-3-

before the court and every issue or defense that should have been raised in the previous action. *Id.* The purpose of this doctrine is to promote the finality of judgments and thereby increase certainty, discourage multiple litigation, and conserve judicial resources. *Westwood Chem. Co. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). A subsequent action will be subject to a *res judicata* bar only if there is an identity of the facts creating the right of action and of the evidence necessary to sustain each action. *Id.* at 1227.

Here, the requirements for application of *res judicata* are satisfied. This is Plaintiff's second complaint filed in this court asserting claims against Attorney Williams for his representation concerning the alleged nursing home mistreatment of Plaintiff's mother prior to her death. *Res judicata* bars Plaintiff from litigating this action again.

Even if Plaintiff's claims were not barred by *res judicata*, Plaintiff's complaint must be dismissed for the same reasons as the prior action. The Court does not have jurisdiction over Plaintiff's claims. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Rather, federal courts have only the authority to decide cases that the Constitution and Congress empower them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (internal citation omitted).

Generally, the Constitution and Congress have given federal courts authority to hear a case only where diversity of citizenship exists between the parties or where the case raises a

federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987). The first type of federal jurisdiction, diversity of citizenship, applies to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, a plaintiff must establish that he or she is a citizen of one state and all of the defendants are citizens of others. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983).

Plaintiff does not establish diversity of citizenship in this case. Plaintiff lists an Ohio address for himself and Attorney Williams. Plaintiff has, therefore, failed to meet his burden of establishing diversity as a basis for federal jurisdiction.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, this Court looks only to the "well-pleaded allegations of the complaint and ignores potential defenses" the defendants may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Here, even with the benefit of liberal construction that a *pro se* litigant enjoys, Plaintiff has failed to identify a federal question. The only discernible claim in this action is one of legal malpractice, which arises under state law, not federal law. The Court, therefore, does not have subject matter jurisdiction based on a federal question.

-5-

Additionally, Defendant is not subject to suit under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege that (1) a right secured by the Constitution or a federal statute has been violated, and (2) the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42,48,108 S. Ct. 2250,101 L. Ed. 2d 40 (1988); *Baynes v. Cleland*, 799 F.3d 600, 607 (6th Cir. 2015) (citations omitted). Generally, a private person or entity is not acting "under color of state law." *See Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000); *Tahfs v. Proctor*, 316 F.3d 584, 590-91 (6th Cir. 2003). To demonstrate that private individual defendants were acting under color of state law, Plaintiff must allege facts showing the defendants (1) were acting under the compulsion of the state; (2) were engaged in an activity traditionally reserved to the state; or (3) their activities were sufficiently controlled by the state such that their actions could be attributed to the state. *See Chapman v. Higbee Co.*, 319 F.3d 825, 833-35 (6th Cir. 2003); *Wittstock v. Mark A. Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

Here, there is no suggestion in the complaint that Attorney Williams was acting under color of state law. Moreover, "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318,102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *see Otworth v. Vanderploeg*, 61 F. App'x 163, 166 (6th Cir. 2003) (noting that "private attorneys representing private citizens . . . [are] not acting under color of state law").

### IV. CONCLUSION

Accordingly, the Court GRANTS Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) and DISMISSES the action pursuant to 28 U.S.C. §1915(e). Further, the Court

-6-

certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

PATRICIA A. GAUGHAN
United States District Judge

Date: 7/21/2026